HYPPOLITUS JOSEPH AUGUSTINE ESTHO ET AL. V. BENJAMIN L. LEAR, ADMINISTRATOR OF THADDEUS KOSCIUSZKO.

A case not being properly prepared in the circuit court for a hearing, the decree was reversed, and the cause remanded, with liberty to the plaintiff to amend his bill. -

AN appeal from the circuit court of the United States for the district of Columbia, holden in and for the county of Washington.

The case was argued by Mr Swann and Mr Sampson, for the appellants ; and by Mr Wirt and Mr Dandridge, for the appellees.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

The appellants had filed their bill in the court of the United States for the county of Washington, alleging themselves to be the distributees and next of kin of Thaddeus Kosciuszko, deceased, who departed this life intestate, as they allege, with respect to personal property in the United States. The bill charges that Thaddeus Kosciuszko, being about to leave America, deposited with Mr Jefferson a paper writing purporting to be a will which was executed in Virginia, and is in the following words :

"I, Thaddeus Kosciuszko, being just on my departure from America, do hereby declare and direct, that, should I make no other testamentary disposition of my property in the United States, I hereby authorize my friend, Thomas Jefferson, to employ the whole thereof in purchasing negroes from among his own, or any others, and giving them liberty in my name, in giving them an education in trade or otherwise, and in having them instructed for their new condition in the duties of morality, which may make them good neighbours, good fathers or mothers, husbands or wives, in their duty as citizens, teaching them to be defenders of their liberty and country, and of

[Estho et al. v. Lear.]

the good order of society, and in whatsoever may make them happy and useful; and I make the said Thomas Jefferson executor of this.

" T. Kosciuszko.

" *5th May* 1798."

After the testator's death, Mr Jefferson proved the will in the county court of Albemarle, but renounced the executorship. Letters of administration have since been granted on it in the county of Washington in this district, to Benjamin L. Lear, who is in possession of the fund which is referred to in the paper writing. The plaintiffs contend that this paper writing is not a will; or if a will, cannot have effect, the bequest contained in it being one which the law will not sustain. They therefore contend that, this will being void and inoperative, they, as the next of kin, are entitled to this fund, there being no creditors to claim.

The answer insists on the validity of the will, and that the defendant is ready to carry the trust into execution.

Before the court can decide the intricate questions which grow out of this will, we think it necessary to possess some information which the record does not give.

The domicil of general Kosciuszko is not stated. He was a native of Poland, and died in Switzerland. Whether he was domiciliated in Switzerland or not does not appear. The law of domicil, with respect to wills in cases of testacy, or regulating distribution in cases of intestacy, may be material.

It also appears that the testator made a will in Europe. From the manner in which the subject is mentioned, we presume that this makes no disposition of his property in the United States; but, since we are informed of its existence, it would be desirable to see it.

We do not think the case properly prepared for decision; and therefore direct that the decree be reversed and the cause remanded, with liberty to the plaintiff to amend his bill.