KOSCIUSZKO ARMSTRONG, APPELLANT v. BENJAMIN L. LEAR, ADMINISTRATOR OF THADDEUS KOSCIUSZKO AND OTHERS.

54

56

58

62

64

68

The case was argued by Mr Key, for the appellant; and by Mr Wirt and Mr Z. C. Lee, for the appellee.

Mr Justice STORY delivered the opinion of the Court.

This cause was formerly before the court, and the decision then had is reported in 12 Wheat. R. 169. The bill is now substantially the same with the former bill, except that there is an allegation that the instrument set forth as a testamentary instrument, executed at Paris on the 28th of June 1826, in favour of the plaintiff, "has been admitted to probate, and duly proved in the orphan's court of Washington county," in this district. But the bill does not go on to state that it has been duly established by that as a valid will, according to the law of France, though that is averred to be the place of domi-

cil of Kosciuszko at the time of its execution. The bill, however, does assert, that the instrument is a last will and testament, to all intents and purposes, and must operate as such, and revoke, pro tanto, the bequests and appropriation in the prior will, of which Mr Jefferson was named executor.

The answer of the administrator (Lear) is substantially the same as his former answer, admitting the execution of the instrument, but submitting to the court (without denying in a formal and direct manner the validity of the will as such, according to the law of France), whether it will decree the defendant to pay the money to the plaintiff " upon an instrument made under the circumstances, and authenticated in the manner that the aforesaid instrument is, and whether the said instrument shall have effect to revoke or alter any part of said Kosciuszko's will, solemnly executed and left in the hands of his executor in this country," &c. &c. This is certainly a very informal and loose mode of putting in issue, if upon the bill such a question can be tried, the validity of a will made in a foreign country, whose laws are not brought before the court, either by averment or evidence. But the answer contains a new allegation, that certain persons residing in Europe have filed a bill in the circuit court of the district of Columbia, against him, the administrator, claiming a large portion of the assets, if not the whole, as creditors or mortgagees of the said Kosciuszko ; and certain persons, also residing in Europe, have filed another bill against him (it was probably meant in the same court), claiming the whole assets, as heirs at law of the said Kosciuszko, and therefore as distributees of the said assets. None of the parties to either of these latter bills are made parties to the present bill. And we are of opinion, that the persons claiming as heirs of Kosciuszko, should be made parties, that they may have an opportunity to contest the plaintiff's title, as the real parties in interest, the administrator being but a mere stake holder. Indeed, we think that all three of the bills ought (if possible) to be brought to a hearing at the same time in the circuit court, in order that a final disposition may, at the same time, be made of all of the questions arising in all of them.

We wish also to attract the attention of counsel to some other considerations, which may become important in future

stages of the cause; and especially, in the aspect under which the present bill and answer are framed. In the first place, if the intention is to put in issue (as it seems to be), not only the construction and operation of the testamentary instrument in favour of the plaintiff, but its validity and effect as a *will*, it is material that the law of France, the place of the domicil of Kosciuszko at the time of its execution, should be brought before the court, and established as matter of fact; for the court cannot judicially take notice of foreign laws; but they must be proved by proper evidence. The present allegations of the bill and answer are quite too loose for this purpose ; and they should be amended, and made more distinct and direct. We do not mean to express any opinion, whether this court can examine into the point of the validity of the instrument as a will according to the law of France, or whether it belongs exclusively to the orphan's court of the county of Washington. That is a question which it may be fit hereafter to examine, if it should be pressed in argument.

In the next place, there may arise some nice questions of international law, in which the fact of the domicil of Kosciuszko at the time of his birth, at the time of his making the will of which Mr Jefferson was named executor, and at the time of his death, may become material. We do not mean to say, what is the true rule that is to govern in cases of wills of personalty, whether it be the rule of the native domicil, or of the domicil at the time of the execution of the will, or of the domicil at the death of the party, where there have been changes of domicil. These are points, which ought, under the circumstances of this case, to be left open for argument. But the facts on which the argument should rest, ought to be distinctly averred in the bill, and met in the answer.

The place of domicil of Kosciuszko at the time of his death, may also become material under another aspect of the case, viz. the question, who are his heirs, entitled to the succession ab intestato, or under the other will or wills executed by him, to which reference is made in some of the papers in the case. The persons claiming as such heirs, must establish their title under, and according to the law of his domicil at the time of his death. So that perhaps it may become material, if Switzerland was the domicil of Kosciuszko at the time of his death,

to bring the law of that country distinctly, as matter of fact, before the court. The court have, in another case(a) expressed their desire to have the other will or wills made by Kosciuszko, put regularly upon the record to ascertain whether they have any bearing upon the merits of the present case.

It is also material to observe, that the answer of the administrator relies on a letter written by Kosciuszko to Mr Jefferson in September 1817, as a revocation of the supposed testamentary paper in favour of Armstrong, and a republication of the first will; and yet that letter is not produced in evidence, nor even the extract verified; so that there is a total deficiency of proof as to this most material fact. This defect ought to be supplied.

These observations have been thought fit by the court, to be suggested to the counsel on both sides, on the present occasion. Under the complicated circumstances of the present case, and the important bearings of foreign law upon it, it is very desirable, that if it should come again before us, all the facts, and all the lights necessary for a final decision may be furnished, without submitting it to farther embarrassments.

The court decree, that the decree of the circuit court dismissing the bill be reversed, and that the cause be remanded, with leave to make new parties, and for other proceedings.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Columbia, holden in and for the county of Washington, and was argued by counsel; on consideration whereof, it is ordered, adjudged and decreed by this court, that the decree of the said circuit court, dismissing the bill in this cause be, and the same is hereby reversed, and that this cause be, and the same is hereby remanded to the said circuit court, with leave to make new parties, and for other proceedings to be had therein according to law and justice, and in conformity to the opinion of this court.

(a) Estho v. Lear, 7 Peters 130.