Tbe opinion of tbe Court was delivered by
MuNRO, J.
It appears to be conceded on all bands, that tbe terms of tbe defendant’s letter import a standing or continuing guaranty, consequently was not exhausted by tbe first extension of credit to tbe principal, but was to remain good to tbe extent of $1500, which at any time might become due, from tbe principal to tbe plaintiffs, in tbe course of their dealings, until tbe credit was recalled or revoked by tbe maker. So that the, sole remaining question is, was notice of its acceptance by tbe plaintiffs indispensably necessary, before recourse could be bad against tbe maker for tbe default of tbe principal.
In Parsons on Mercantile Law, at page 67, tbe rule in reference to questions of this sort, is thus stated : “ Generally an offer to guarantee a future operation, especially by letter, does not bind tbe offerer, unless be has such notice of tbe acceptance of bis offer as would give him a reasonable opportunity of indemnifying himself.” If we subject to tbe test of tbe foregoing rule the language of defendant’s letter, as also tbe purpose for which it was written, everything will be found pointing, not to an existing state of things, but to *629 transactions resting in the future. The language of tbe letter is as follows : “ Gentlemen, we take pleasure in commending Mr. Geo. H. Oatbcart to you as a gentleman worthy of your confidence, and if he should have dealings with you, we hereby bind ourselves, &c.” In the first place, it is manifest from the letter itself, that Cathcart, the principal, was a person then unknown to the plaintiffs. Certain it is, that previous to that time the plaintiffs had never had any business transactions with him. And secondly, the defendants’ object in recommending him to the plaintiffs as a person worthy of their confidence, was obviously to induce them to extend to the principal their pecuniary aid, either in the way of funds or credit, to the amount specified in the letter.
Looking to the whole transaction in this point of view, it is impossible to escape the conclusion, that the letter in question amounts to nothing more than a mere offer to guaranty, and falling directly within the rule laid down by Parsons.
But it is impossible to distinguish this case from our own case of Sollee & Warley vs. Meugy, (1 Bail. 620.) In that case, upon a similar offer made by letter, notice of its acceptance by the parties to whom it was addressed, was deemed indispensable, before recourse could be had against the maker for the default of the principal, and in delivering the opinion of the Court on this branch of the case, Mr. Justice O’Neall remarks, “ It is the duty of the person giving credit on the guaranty to give immediate notice of its acceptance. The reason of the rule is obvious. If immediately apprised of his liability, the guarantor may guard against loss from the insolvency of his principal. But if he have not this notice, he maybe called on to answer for the debt of an insolvent man years after he had supposed it paid.”
And in the case of Douglas et al., vs. Reynolds et al., (7 Peters, 131,) where, upon an offer to guaranty contained in a letter, couched in language almost identical with the one under consideration, the same doctrine was announced; Mr. *630 Justice Story, in delivering tbe opinion of tbe Court says: “A person giving a'letter of guaranty bas a right to know whether it is accepted, and whether the person to whom it is addressed, means to give credit on the footing of it or not. It may be most material; not only as to his responsibility, but as to his future rights and proceedings. It may regulate in a great measure his course of conduct, and his exercise of vigilance in regard to the party in whose service it is given. Especially is it important in the case of a continuing guaranty, since it may guide his judgment in recalling or suspending it.” And in reference to the rule requiring notice of acceptance, especially where the guaranty is prospective, the language of the same Court in the case of Lee vs. Dick, (10, Pet. 422,) is probably moré explicit. It is as follows : “ There are many cases where the guaranty is of a specific existing demand, by a promissory note or other evidence of debt; and such guaranty is given upon the note itself, or with reference to it, and recognition of it, when no notice would be necessary. The guarantor in such case knows precisely what he guarantees, and the extent of his responsibility, and any further notice to him would be useless. But when the guaranty is prospective, and to attach upon future transactions, and the guarantor uninformed whether the guaranty has been accepted, and acted upon or not, the fitness and justice of the rule requiring, notice is supported by considerations that are unanswerable.” The motion for a nonsuit is however dismissed, but the Court is unanimous in granting the motion for a new trial.
And it is so ordered.
O’Neall, Withers, Whither and G-lover, JJ., concurred.
Wardlaw, J., did not sit in this case.

New Trial Ordered.