WILLIAM A. GORDON & others, *vs.* HETTY H. GREEN & another.

The solicitor of a trustee bringing a bill in equity to obtain instructions, cannot, under the 27th rule in chancery, be appointed to represent contingent interests under the bill.

Under a bill in equity, filed by trustees for directions as to the settlement of an estate, where the defendants who are named, and who have life interests only, are citizens of another state, and where the persons who are interested in remainder have not been brought before the court, an application made under the U. S. St. of 1789, c. 20, § 12, for the removal of the suit to the Circuit Court of the United States, will be refused.

BILL IN EQUITY, filed by the trustees under the will of Sylvia Ann Howland against Hetty H. Green, and Edward H. Green, her husband, both described in the bill as "of New York city and state," to obtain the instructions of the court whether, under a clause of the will by which the residue of the testator's estate was given to the trustees to pay its income to Hetty H. Green for life, and after her death to divide among all the lineal descendants then living of one Gideon Howland, certain stock and certain money dividends of various railroad corporations were to be treated as interest or principal. The bill was signed "by their solicitor, T. M. Stetson."

On the petition of certain persons representing that they believed themselves to have future and contingent interests under the will, Mr. Stetson was appointed by the court to represent such future and contingent interests. Mr. Stetson presented the petition to the court and obtained the order of appointment, but neither made nor filed any formal acceptance of the appointment.

The defendants, at the time of entering their appearance in the suit, presented an application, under the statutes of the United

States, for the removal of the cause to the Circuit Court of the United States for the first circuit.

*Morton*, J., was satisfied that the defendants were both citizens of the State of New York, that the amount in controversy exceeded the sum of five hundred dollars, that the security offered by the defendants was sufficient, and that in these respects the defendants brought themselves and their application within the terms of the statutes of the United States on the subject, but disallowed the application, and reserved the question of removal and the rights of the defendants in that respect for the consideration of the full court.

*G. Marston & C. W. Clifford*, for the defendants.

*T. M. Stetson*, as *amicus curiæ, contra.*

GRAY, C. J. This is a bill in equity, filed by trustees for the instructions of the court in the execution of their trust. The question stated in the bill is whether certain dividends of stock and money, received by the trustees from various railroad corporations, are to be treated as income payable to Mrs. Green for life, or as part of the principal which is to go to the lineal descendants of Gideon Howland after her death. The trustees are mere stakeholders, having no interest in this question, and equally bound to protect the rights of the tenant for life and of those interested in remainder ; the real parties to the controversy are Mrs. Green on the one side, and the other descendants of Gideon Howland on the other; and such descendants, or, at least, those nearest to Gideon Howland, now in being, must be made parties to the suit before the question can be decided by the court. *Lorillard* v. *Coster*, 5 Paige, 172, 215, 216. *Hawley* v. *James*, Ib. 318, 442. *Armstrong* v. *Lear*, 8 Pet. 52. *Cross* v. *De Valle*, 21 Law Reporter, 734, and 1 Wall. 1. *Harvey* v. *Harvey*, 4 Beav. 215. *Leland* v. *Hayden*, 102 Mass. 542. Story Eq. Pl. § 207. The solicitor and counsel of the trustees is prohibited by the 27th rule in chancery of this court from appearing or being heard or acting for any or either of the defendants. The order of a single justice appointing him to represent contingent interests under the will was irregular, he has never accepted the appointment, and has been heard as *amicus curiæ*, and only upon the question whether

the cause should be removed into the Circuit Court of the United States.

Such being the nature and position of the cause, we are of opinion that the petition of Mr. and Mrs. Green for its removal under the Judiciary Act of 1789, *c.* 20, § 12, was rightly disallowed. The matter in dispute is not between Mrs. Green and the nominal plaintiffs ; but between her and the other descendants of Gideon Howland, who are not yet before the court, who can only be brought in as defendants, and who, when they shall have been made parties to the cause, may appear to be citizens of the same state as Mrs. Green, or may not choose to join in the petition to remove it into the federal court. It is well settled that no such petition can be entertained under the act of 1789, unless all the defendants whose rights are to be affected by the decision are qualified to join and do join in the petition. *Ward* v. *Arredondo*, 1 Paine, 410. *Beardsley* v. *Torrey*, 4 Wash. C. C. 286. *Smith* v. *Rines*, 2 Sumner, 338. *Ex parte Girard*, 3 Wall. Jr. 263. *Florence Sewing Machine Co.* v. *Grover & Baker Sewing Machine Co.* 110 Mass. 70, and 18 Wall. 553. And we have not been referred to any case in which a Circuit Court of the United States has entertained jurisdiction, either originally, or by removal from a state court, of a bill by trustees, appointed under state laws, for instructions in the settlement of an estate.

In the absence of any such precedent, we do not deem it consistent with our duty to relinquish the jurisdiction which has been conferred upon us by the laws of the Commonwealth.

*Petition for removal denied.*