AMBROSE S. CASSIDY & others *vs*. CHARLES F. SHIMMIN.

Suffolk.    March 22. — 23, 1877.    LORD, J., absent.

P. by his will devised a share of his estate, real and personal, in trust to pay the income to his daughter E. and her husband S. during their lives, and the principal, after their death, " to her heirs." In the lifetime of S. and E., W., one of their sons, conveyed all his interest under P.'s will to S., who afterwards devised it to E., and she devised it to C. and L. in trust to pay or appropriate the income, at their discretion and in such proportions as they should think best, to or for the benefit of W. and his wife and children, and, at the death of W. and his wife, to pay and convey the principal to such children equally. C., being sole trustee under P.'s will, transferred this property to himself and L. as trustees under E.'s will, and they afterwards resigned the latter trust, and B. was appointed in their stead. W. survived both his parents, and died in another state, leaving a widow and three children, two of whom took out administration on his estate in that state, and brought against C. a bill in equity, in their own right and as such administrators, stating it to be in their own behalf and in behalf of W.'s widow and third child, alleging that said widow and child were out of the jurisdiction of this court and residing temporarily in Europe, and praying for an account and distribution of W.'s share as heir of E. in the estate of P., and that said widow and child of W. might have the benefit of any decree. *Held*, that the bill could not be maintained, without making, or attempting to make, such widow and child, and B., the present trustee under the will of E., parties ; nor, at least as to personal estate, without taking out administration in this Commonwealth.

GRAY, C. J.    The material facts of this case, as they appear by the report of Mr. Justice *Ames*, before whom the hearing was had, are as follows :

John Parker, who died in 1840, by his will devised and bequeathed one sixth of his estate, real and personal, to his son in law, William Shimmin, and another, in trust, to pay the income thereof to his daughter, Eliza Shimmin, during her life, and after her death to her husband, William Shimmin, if he survived her, during his life, and, upon the death of the survivor of the two, to pay, distribute and convey the principal " to her heirs." This sixth part was valued in the inventory, filed by the trustees in 1841, at $305,000.

William Shimmin and Eliza Shimmin had five children who survived them, namely, William Shimmin, Jr., Elizabeth Shimmin, John P. Shimmin, Juliana M. Lovering, wife of Frederick A. Lovering, and the defendant, Charles F. Shimmin. Upon the death of William Shimmin in 1856, the defendant was appointed a trustee in his stead under the will of John Parker, and

in the same year, by the death of his co-trustee, became sole trustee under that will.

In 1842, William Shimmin, Jr., for a valuable consideration, executed and delivered to his father, William Shimmin, a deed purporting to convey and assign to him in fee all the grantor s "right, title, claim, demand and interest of, in and to any and all property belonging or coming to him, at any time or under any circumstances, from the estate of his said grandfather, John Parker, under his last will, or from any trust fund thereby created."

William Shimmin died in 1856, and by his will devised and bequeathed to his wife, Eliza Shimmin, "all the residue of my estate, real, personal and mixed, whether in possession, reversion or remainder, and all interests and possibilities of interest, present or prospective, and of which I may die seised or possessed, or which I may at my death be entitled to." The defendant is the surviving executor of this will.

Eliza Shimmin died in 1872, and by her will devised and bequeathed to the defendant and Frederick A. Lovering, whom she also made her executors and residuary legatees, "all the right, title and interest, in remainder or reversion, in law and in equity, (provided the same shall not exceed the sum of one hundred thousand dollars, and, in case the same shall exceed the said amount, then so much thereof as at a fair appraisement shall be equal to the said sum of one hundred thousand dollars,) which were conveyed by my son, William Shimmin, Jr., to my late husband, William Shimmin, by deed" as aforesaid, "all which my said late husband devised to me in and by his last will and testament" — in trust to pay or appropriate one fourth part of the net income to or for the support and benefit of William Shimmin, Jr., during his life, and to pay or appropriate the remaining three fourths, and, after his death, the whole of the income, at their own discretion and in such proportions as they should think best, to and among or for the benefit and support of his wife and children, and the issue of any deceased children, until the death of William Shimmin, Jr. and his wife and the arrival of his youngest surviving child at the age of twenty-one years, and then to divide, pay over and distribute the capital of this trust fund to and among the children then living, in equal

shares, and to the issue of any deceased child by right of representation.

In 1873, the defendant, as trustee under the will of John Parker, believing himself to be acting according to the legal effect of the wills and deed aforesaid, but without notice to William Shimmin, Jr., or to the plaintiffs, transferred and made over to himself and Lovering, as trustees under the will of Eliza Shimmin, out of said sixth part of the general estate of John Parker, a sufficient amount of property to create and establish a trust fund of $100,000, as provided in her will; and transferred and made over to himself and Lovering, as executors of this will, the surplus, which was of considerable value, of the share of William Shimmin, Jr., as one of her heirs, in said sixth part of John Parker's estate.

In the same year, the defendant and Lovering resigned their positions as trustees under the will of Eliza Shimmin, and William P. Blake was appointed in their stead, and accepted the trust on September 8, 1873.

William Shimmin, Jr. died July 26, 1873, having his domicil in New York, and leaving a widow, Fanny N. Shimmin, and three children, Emma S. Cassidy, wife of Ambrose S. Cassidy, Mary M. Shimmin and Fanny T. Shimmin. In 1874, Ambrose S. Cassidy and Mary M. Shimmin were appointed by the surrogate of the city and county of New York administrators of the estate of William Shimmin, Jr., but no administration on his estate has been taken out in this Commonwealth.

Ambrose S. Cassidy and his wife, in her right, and Mary M. Shimmin, and said Ambrose and Mary, as administrators of the estate of William Shimmin, Jr., bring this bill in equity, stating it to be in their own behalf and in behalf of Fanny N. Shimmin and Fanny T. Shimmin; alleging most of the facts above stated, and that Fanny N. Shimmin and Fanny T. Shimmin "are now out of the jurisdiction of this honorable court and residing temporarily in Europe," but not otherwise stating their residence; contending that, upon the death of Eliza Shimmin, William Shimmin, Jr., as one of her heirs, became entitled in fee to one fifth part of the property so held in trust under the will of John Parker, and that William Shimmin, Jr., when he made the deed aforesaid, had no assignable interest or estate under that will,

and that no estate or interest, that then was or might become his under that will, could pass by that deed or could be devised or bequeathed by the wills of his father and mother or either of them.

The bill prays for a discovery, an account of said trust fund, a payment, division and transfer to the plaintiffs of their respective shares thereof, according to the will of John Parker, and for further relief, and that Fanny N. Shimmin and Fanny T. Shimmin "may, according to their respective rights and interests, have the benefit of any decree which this honorable court may make in the premises, as if they had been original plaintiffs herein, on any petition or application that they may see fit to make under this bill."

The defendant, in his answer, contends that all the right of William Shimmin, Jr., in the estate of John Parker, passed by his deed to his father, William Shimmin, and by the will of the latter to Eliza Shimmin, and by her will, to the extent of $100,000, to the defendant and Lovering as trustees, and to Blake as their successor, and, as to the surplus, to the defendant and Lovering as her executors and residuary legatees; that, if the deed of William Shimmin, Jr. did not bind him and his heirs and representatives, his widow might be entitled to dower in so much of his share as an heir of Eliza Shimmin in the estate of John Parker as consisted of real estate in Massachusetts; that his widow and his daughter, Fanny T. Shimmin, and William P. Blake as trustee under the will of Eliza Shimmin, should have been made parties; and that the administrators appointed in New York, not having been appointed in this Commonwealth, have no right to maintain this bill.

By direction of the court, the argument has been confined, in the first place, to the question whether the court has such parties before it as to enable it to determine the merits of the case; and, upon consideration thereof, we are of opinion that the bill can not be maintained without amendment in this respect.

Generally speaking, all persons whose interests are in issue and would be affected by the decree must be made parties to a bill in equity. This general rule is subject to some modification at the discretion of the court from considerations of convenience, as, for instance, when a great number of persons is interested,

or when some of them are beyond the reach of the process of the court, and the case can be determined without affecting their rights, and consistently with equity and good conscience. Story Eq. Pl. §§ 78, 81. *Shields* v. *Barrow*, 17 · How. 130, 139. In the present case, the number of persons suggested by the defendant to be interested is not so numerous as to create any difficulty in that regard. And, as the rules of this court allow the subpœna, when a defendant is not found, to be served by leaving a copy at his usual place of abode in this Commonwealth, with such additional notice as the court may order, and, even when he resides abroad, to be served upon him in person or by publication to the satisfaction of the court, the mere fact that persons are temporarily residing in Europe affords no conclusive reason why they should not .be made parties to the suit. 4th and 5th Rules in Chancery, 104 Mass. 568, 569. *Hutchinson* v. *Stephens*, 5 Sim. 498. 1 Dan. Ch. Pract. (4th Am. ed.) *c*. 4, § 5 *ad. fin.*

If the claim of the plaintiffs, as set out in the bill, is well founded, an account must be taken of the real and personal property which the defendant held as trustee under the will of John Parker, in order to ascertain the amount to which William Shimmin, Jr. was entitled; and it is at least doubtful whether all persons claiming under him by virtue of the statute of descents of the state in which the real estate is situated, or the statute of distributions of the state of his domicil, should not have been made parties, and therefore whether his widow and third child, if their interests were merely concurrent with those of the plaintiffs, should not have been made parties to this bill. *West* v. *Randall*, 2 Mason, 181, 189. *Greene* v. *Sisson*, 2 Curtis, 171. *Hoe* v. *Wilson*, 9 Wall. 501.

But the interests which such widow and child may claim in the fund in controversy are not merely concurrent with those of the plaintiffs. If, as the plaintiffs contend, the deed of William Shimmin, Jr. was ineffectual, his widow may claim a right of dower in the real estate, and that right cannot be determined without making her a party to the suit.

Beyond this, it appears that the defendant, acting in good faith and, as he supposed, according to law, has transferred the greater part of the fund from himself, as trustee under the will of John Parker, to the trustees under the will of Eliza Shimmin,

of whom William P. Blake has been appointed the successor. The principal issue in the case is whether that part of the fund is now to be treated as held by the defendant as trustee under the will of John Parker, or by Blake as trustee under the will of Eliza Shimmin. If under the latter, the interest of the widow and children of William Shimmin, Jr., by the terms of the trust, depend in a considerable degree on the discretion of the trustee, and differ from those which they might have as claiming under him his share under the will of John Parker; and all of them should, if possible, be made parties, either plaintiffs or defendants, in order to give them an opportunity of being heard upon that question. It would be unreasonable and unjust to proceed to consider the merits of the case until the plaintiffs have at least exhausted all reasonable efforts to make them parties and to give them notice of the suit in the manner allowed by our rules in chancery. And the present trustee under the will of Eliza Shimmin, who resides in this Commonwealth, and whom there can therefore be no difficulty in serving with process, should clearly be made a party defendant.

If the present defendant, being in doubt whether the widow and children of William Shimmin, Jr. or the trustee under the will of Eliza Shimmin had the better title, had continued to hold the fund as trustee under the will of John Parker, and had thus stood in the position of a stakeholder requiring the instructions of the court, the court would not have determined the question which of those parties was entitled to the fund, without making the trustee and *cestuis que trust* under the will of Eliza Shimmin parties defendant; and the fact that the fund has been in good faith actually transferred by the present defendant to the new trust affords no reason for proceeding to a decree in the absence of those who are interested to maintain the validity of that trust and that transfer, and thereby leaving the defendant subject to further litigation with them. Their interest is, according to the definition of Mr. Justice Curtis in *Shields* v. *Barrow*, above cited, "an interest of such a nature that a final decree cannot be made, without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." See also *Burt* v. *Dennet*, 2 Bro. Ch. 225; *Armstrong* v. *Lear*, 8 Pet. 52 *Sears* v. *Hardy*, 120 Mass. 524.

In any view, it is also quite clear that, so far as personal estate is concerned, the bill cannot be maintained, without taking out administration in this Commonwealth upon the estate of William Shimmin, Jr., and making the administrator appointed here a party to the bill. *Goodwin* v. *Jones*, 3 Mass. 514. *Pond* v. *Makepeace*, 2 Met. 114. *West* v. *Randall*, 2 Mason, 199. *Noonan* v. *Bradley*, 9 Wall. 394. And as the trust fund, of which an account is sought, consists of both real and personal estate, it is difficult to see how an account can be taken of the one without the other.                    *Report dismissed ; bill to be amended.*

*G. T. Curtis*, (of New York,) for the plaintiffs.

*E. D. Sohier & C. A. Welch*, for the defendant.