GREEN *v.* GORDON and others.

*(Circuit Court D. Massachusetts. January 30, 1880.)*

TRUSTEES—ACTION AT LAW UPON AN AGREEMENT TO ACCOUNT.—Trustees cannot be charged in *assumpsit* or trover with the "earnings" of an estate for a specific period, under an agreement to account for the same

This was an action of contract, to which the defendants demurred.

The plaintiff was beneficial legatee of the income of the

residue of the large estate of her aunt, the late Sylvia Ann Howland, of New Bedford, after the payment of many legacies and the establishment of several smaller trusts. This residue was devised to trustees who were to pay the net income to the plaintiff during her life, and at her death to divide the principal among all the lineal descendants, then living, of Gideon Howland, the grandfather of the testratrix. The defendants are the trustees.

The settlement of the estate of the testatrix was delayed by litigation for several years; and in 1870 a compromise was agreed to by all the persons directly interested in the estate, and was confirmed by the supreme judicial court of Massachusetts, by which the amount to be paid the legatees, other than the plaintiff, was fixed, and the defendants, as trustees, were to take the assets after the payment of these legacies, and the debts and charges of administration, and divide said residual portion into two parts: first, the earnings of the estate since the death of Sylvia Ann Howland; and second, the remainder of said residue. The agreement then proceeded: "And said trustees shall, under the provisions of the trust, account for said first part to said Hetty H. Green and her legal representatives; and said second part shall constitute the principal of the trust fund, to be retained and kept by them as trustees, under the provisions of said will and codicil." By a supplemental agreement between the plaintiff and the defendants it was explained that "earnings," in the former agreement, should mean earnings less interest on the legacies.

These agreements, for a breach of which this action was brought, are printed in the report of *Mandell* v. *Green*, 108 Mass. 277. The plaintiff's action was for certain dividends of stock, amounting to a very considerable sum, received by the defendants from the administrators, which the plaintiff insisted should be given to her as "earnings," and which the defendants considered to belong to capital.

A bill in equity to settle this question had remained dormant for some years for want of parties. See *Gordon* v. *Green*, 113 Mass. 259.

The demurrer raised the question whether an action at law could be maintained upon the agreement and supplement.

*C. W. Clifford*, for plaintiff.

*T. M. Stetson*, for defendants.

LOWELL, J. This case reverses the usual relative positions of law and equity. It is brought at law because the remedy in equity has been found inconvenient.

I have no doubt that there is power somewhere to settle the plaintiff's income at some time before her death, which will at once relieve her from occasion for income, and ascertain who are the remainder-men; nor have I any. belief that the supreme judicial court intended, by their intimation in *Green v. Gordon*, 113 Mass. 259, to require impossibilities.

I do not, however, understand that, by the settlement, the trustees promised to pay over the value of the earnings, so that they can be charged as *assumpsit* or trover with that value. They agreed to account as trustees; that is to say, in a court of equity, where questions of part performance, compensation to the trustees, costs, interest on what they should have paid, etc., can be determined and adjusted with a due regard to the equitable rights of all parties. Their agreement is that they will, "under the provisions of the trust, account;" and by reference to these provisions it will be found that they have a discretion as to times of payment. I do not, of course, mean to say that they could withhold it for years; but they may exercise a discretion on the subject. In short, I look upon the agreement as a sort of codicil, settling how the *corpus* of the trust should be ascertained; varying, perhaps, the rights of the parties, but not the remedy for a breach of trust, and not intended to impose a personal legal obligation to pay, instead of an equitable duty to account.

Demurrer sustained.