## WYANT v. CALDWELL.
### No. 3532.

Circuit Court of Appeals, Fourth Circuit.
Oct. 26, 1933.

Claude Wyant, in pro. per.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

### PER CURIAM.

This is an appeal from a decree affirming the report of a special master appointed in the receivership cause of the Wellsburg Home Telephone Company and directing the distribution of funds in the hands of the receiver. The assignments of error are voluminous and complicated, and the brief of appellant throws little light on the questions involved. An examination of the record, however, discloses the fact that the suit in which the receiver was appointed was instituted in May, 1921, and the property was sold in October of that year. The special master, although appointed October 8, 1921, did not file his report until October 29, 1930. The exceptions to that report, although confusingly worded, clearly raised the points: (1) That the receiver should be charged with losses sustained through alleged mismanagement of the property while in the hands of the receiver; (2) that payments made to the manager employed by the receiver and to relatives of the manager were excessive and improper; (3) and that claims of the receiver and the manager for services should be disallowed because of failure to properly handle the matters intrusted to them. The court below did not find the facts with respect to these matters, but simply approved the report of the special master, which, while stating an account, and stating in substance that the evidence did not sustain the charges of appellant, did not find the facts specifically with respect to the matters above enumerated. It appears, also, that in the decree approving the report of the special master, the court below, without finding the facts which would justify such an allowance, directed that the receiver be allowed for his services the further sum of $850, although the account of the special master, approved by the court, had allowed him for fees and expenses the sum of $569.50. As the total of the moneys which came into the hands of the receiver was only $3,817, according to the report of the special master, it does not appear how the receiver could possibly have been entitled to any such sums as were allowed him.

It is impossible for us to pass upon the case in any adequate way on the record before us; and we shall accordingly remand it to the court below, with direction to find the facts fully as to the disputed matters, and as to the delay of nine years in the proceedings before the special master, and to reconsider carefully the allowance to the receiver for his services as well as the credits allowed for payments made to the manager and his relatives, and with power to make such modifications in the decree as may be proper. The original exhibits certified to this court will be returned to the court below.

Remanded, with directions.