Pettingell, J.
Action of contract to recover on a judgment recovered by Samuel Feuerstein against the defendant. The defendant filed a motion to dismiss on the ground that Samuel Feuerstein was dead when the action was brought and that “at that time no administrator was duly *366 appointed”. The plaintiff filed a motion to admit as plaintiff the administratrix of the Estate of Samuel Feuerstein, duly appointed in New Hampshire before the action was brought. The trial judge allowed the defendant’s motion to dismiss.
The defendant’s contention is that the case is controlled by the decision in Brooks v. Boston & Northern Street Railway Co., 211 Mass. 277, in which case it was held that an action begun in the name of a dead person had no legal existence and could not be revivified by bringing in by amendment an administrator appointed after the action was brought. The plaintiff contends that at the time the present action was brought there was in existence a person entitled to sue, the New Hampshire administratrix, and that therefore the case is to be distinguished from Brooks v. Boston & Northern Street Railway Co., in which there was no one entitled to sue when the writ was brought; and that this distinction makes the present case one in which the defect can be cured by the proposed amendment.
Without passing upon the correctness of the plaintiff’s argument in general, the ease must be disposed of in accordance with the decision in Brooks v. Boston & Northern Street Railway, because a New Hampshire administratrix has no standing in Massachusetts which entitles her to sue here.
There is a long line of decisions in this Commonwealth to the effect that an executor or administrator has no authority outside the jurisdiction which appoints him. Decisions directly to the effect that a foreign executor or administrator cannot sue in the Massachusetts Courts are to be found in Goodwin v. Jones, 3 Mass. 514, at 518, 530; Borden v. Borden, 5 Mass. 67 at 77; Gallup v. Gallup, 11 Metc. 445, at 447; Cassidy v. Shimmin, 122 Mass. 406, at 412. The doctrine is also enunciated in cases in which the particular issue was *367 only incidental. Langdon v. Potter, 11 Mass. 313, at 314, 315; Rand v. Hubbard, 4 Metc. 252, at 257; 263; Beaman v. Elliott, 10 Cush. 172, at 173; Commonwealth v. Sanford, 12 Gray 174; Low v. Bartlett, 8 Allen 259, at 265, 266; Merrill v. New England Ins. Co., 103 Mass. 245, at 248; Dearborn v. Mathes, 128 Mass. 194, at 195, 196; Bliss v. Bliss, 221 Mass. 201, at 207; Old Colony Trust Co. v. Clark, Mass. Adv. Sh. (1935) 1329, at 1335.
It has been held in New Hampshire that a Massachusetts administratrix may sue under the New Hampshire death statute to recover for injuries causing the death of her Massachusetts intestate, see Ghilain v. Couture, 146 Atl. Rep. 395, (to be found in 65 A. L. R. 553); but in Massachusetts the contrary has been held in an action under the Federal employers’ liability act, the Supreme Judicial Court deciding that a New Hampshire administrator is not in Massachusetts such a “personal representative” of the deceased as to entitle him to bring an action under the statute. Brown v. Boston & Maine Railroad, 283 Mass. 192, at 195, 196. In that case, the court says, at page 195.
“It is settled law that the appointment of an administrator in one State confers no power beyond the limits of that State, and does not authorize him to maintain any suit in the courts, State or national, held in any other State.”
In Pond v. Makepeace, 2 Metc. 114, the defendant, a Massachusetts resident was sued here by an administrator appointed in another State. He did not defend on that ground and the plaintiff in that action recovered judgment, took out an execution and levied on the defendant’s real estate, the execution being returned satisfied. Subsequently an administrator was appointed in Massachusetts in the same estate, who sued the defendant on the same claim. It was held that the first' judgment was no bar to a recovery in the second action.
*368 The trial judge committed no error in denying the plaintiff’s motion to amend by bringing in the New Hampshire administratrix, who under the Massachusetts law had no standing in the litigation and no right to sue. There being no duly appointed administrator in Massachusetts when the action was brought in the name of the intestate, the case is directly within the scope of the decision in Brooks v. Boston & Northern Street Ry. Co., 211 Mass. 277, and the defendant’s motion to dismiss was properly allowed.
No prejudicial error appearing, the report is to be dismissed.