LEVESQUE v. F. H. McGRAW & CO. et al.
TETRAULT v. SAME.

Nos. 116, 117, Dockets 20829, 20830.

Circuit Court of Appeals, Second Circuit.
Jan. 13, 1948.

John F. X. McGohey, of New York City (William T. Ard, of Jersey City, N. J., of counsel), for appellants.

Forrest E. Single, of New York City (Enrico S. Sanfilippo, of New York City, of counsel), for appellees.

Before CHASE, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. All other questions aside, we see no justification for allowing overtime at 1½ times the regular rate. The Fair Labor Standards Act, 29 U.S.C.A. Chapter 8, does not apply to seamen who serve as navigators of self-propelled barges.[1] Plaintiffs cannot in any way be aided by the so-called Eight-Hour Law, 40 U.S.C.A. Chapter 5, since they were not "laborers" or "mechanics";[2] nor by the 1913 amendment of § 321 of that Act, since they were not performing services similar to those of "laborers and mechanics" in connection with dredging or rock excavation.[3] 50 U.S.C.A. War Appendix, § 1155(a) relates to employees of the Navy, not to employees of an independent contractor who is doing work for the Navy. Executive Order No.

[1] Walling v. Bay State Dredging & Contracting Co., 1 Cir., 149 F.2d 346, 161 A.L.R. 825; Anderson v. Manhattan Lighterage Corp., 2 Cir., 148 F.2d 971, 973.

[2] Ellis v. United States, 206 U.S. 246, 27 S.Ct. 600, 51 L.Ed. 1047, 11 Ann.Cas. 589.

[3] Accordingly, the following, as supplemental to that section, are immaterial: Section 303 of the Second Supplemental National Appropriations Act, 1941, Pub. No. 781, 76th Cong., 40 U.S.C.A. § 325a; Executive Order No. 8263, 6 F. R. 13, 40 U.S.C.A. § 321 note.

9240, as amended by Executive Order No. 9248, dated September 17, 1942, 7 F.R. 7419, 40 U.S.C.A. § 326 note, places a restriction upon overtime payments. There was no evidence of any custom to pay 1½ times for overtime, and nothing in the contracts nor in the conduct of the parties warrants such payments.

■ 2. There remains the question whether either of plaintiffs was entitled to overtime payments after May 1942 at the rate at which he had theretofore been paid by defendants for overtime. The judge found, in effect, that Tetrault's contract made in January 1942 had not expired when he was discharged on March 1, 1944. The evidence supports this finding, and the finding that that discharge was wrongful. The contract was "for period of lease D. M. Dredge # 16 months, and no more than * * * months." Although the lease of this dredge was originally for 18 months from November 28, 1941, with an option for 6 months more, the evidence shows that the defendants used the dredge for several months after March 1, 1944. If it was an implied term of Tetrault's contract that he should receive pay for overtime, this provision bound defendants for the full period of the contract; in that event, defendants could not relieve themselves of that obligation by merely notifying him, in May 1942, that thereafter they would not pay overtime; nor, if, as the judge found, duress was involved, would this obligation be discharged by the weekly pay receipts signed by him under protest.[4] But the judge did not find that the contract contract contained a provision, implied in fact, to pay overtime. Conceivably such a finding might be grounded on the conduct of the defendants, in paying overtime up to March, 1942, as an interpretation of the contract. However, as we must remand for a finding on this subject, and as the case was tried on a different theory, "in order that injustice may not be done" we remand with permission to either party to introduce further competent and relevant evidence on that issue.[5]

■ The judge found, in effect, that Levesque's contract, made in January 1942, was the same as Tetrault's except as to rate of pay. We think the evidence sufficient to support that finding. However, he also found that Levesque was discharged on April 5, 1942, and rehired on April 16, 1942; that finding is also supported by the evidence. There is no evidence to show that that discharge was wrongful. Nor is there evidence to show that the new contract of rehiring on April 16, 1942 was for the same period as the previous contract. On the evidence, we incline to think that it was from month-to-month. If so, then when defendants refused to pay overtime after May 1942, there was no breach except for a short period, after which his recurrent month-to-month contract called for no overtime payments. But, again because of the way the case was tried, we remand with permission to either side to offer competent and relevant evidence bearing on the issues of (a) whether in his original contract there was a provision implied in fact for overtime payments, and (b) for what length of time he was rehired.[6]

Reversed and remanded.

---

[4] Restatement of Contracts, § 493. Cf. Hume v. Moore-McCormack Lines, 2 Cir., 121 F.2d 336.

[5] Porter v. Leventhal, 2 Cir., 160 F.2d 52, 59; Phelan v. Middle States Oil Corp., 2 Cir., 154 F.2d 978, 1000; Benz v. Celeste Fur Dyeing & Dressing Corp., 2 Cir., 136 F.2d 845, 848; Ford Motor Co. v. N. L. R. B., 305 U.S. 364, 373, 59 S.Ct. 301, 83 L.Ed. 221; United States v. Rio Grande Dam & Irrigation Co., 184 U.S. 416, 423, 22 S.Ct. 428, 46 L.Ed.

619; Estho v. Lear, 7 Pet. 130, 8 L.Ed. 632; Security Mortgage Co. v. Powers, 278 U.S. 149, 159, 160, 49 S.Ct. 84, 73 L.Ed. 236; Pfeil v. Jamison, 3 Cir., 245 F. 119; Wyant v. Caldwell, 4 Cir., 67 F.2d 374.

[6] If, for instance, it is found that he was rehired for a considerable period beyond May 1942, then the ruling, made above as to Tetrault's receipts, will also apply to Levesque.