## MITCHELL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 27, Docket 21665.

United States Court of Appeals
Second Circuit.

Argued Feb. 7, 1951.

Decided March 14, 1951.

To the facts stated in the opinion of the Tax Court, reported in 13 T.C. 368, the following should be added: The letter of December 5, 1944 from Lawrence Whipple's lawyer to taxpayer reads as follows:

"On behalf of my client Lawrence Whipple of 15 Exchange Place, Jersey City, N. J. I am authorized to offer you the sum of Five hundred ($500.) dollars for the full and complete redemption of the notes of John Whipple now held by you. As you know, or have been definitely informed John Whipple is unable to make any payment on account of these notes at this time. His liabilities are far in excess of his assets and his income is insufficient to permit such payment. Your acceptance of this offer, together with the check for Five hundred ($500.) dollars tendered herewith, as evidenced by your signature affixed to the copy of this letter, shall indicate the termination of John Whipple's obligation to you on the notes and his release from further liability thereunder." The letter of December 1, 1944, from taxpayer to Irving Sprague, reads thus: "I accept your offer of $1,000 for the notes of C. O. M. Sprague which I hold aggregating approximately $22,000. I enclose you the notes which I have endorsed without recourse. Please send me your check for $1,000 to my order in payment." The taxpayer testified that in the Spring of 1944 he had negotiations with C. O. M. Sprague to "see * * * whether we could arrive at a composition of the notes."

R. E. Lee, New York City, (Charles L. Kades, John F. B. Mitchell, Jr. and Edwin A. Margolius, all of New York City, of counsel), for petitioner.

Theron Lamar Caudle, Washington, D. C., (Ellis N. Slack and Harry Baum, Washington, D. C., of counsel), for respondent.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The Tax Court made this ruling: Where a taxpayer partially charges off a note and later in the same taxable year sells the note at a price equal to the reduced value remaining after the charge-off, the taxpayer may not deduct the amount of the charge-off under 26 U.S.C.A. § 23(k) but is entitled solely to a capital loss deduction on the sale. We do not agree with this blanket generalization. The situation is not the equivalent of a sale followed in the same

year by a partial charge-off.[1] For in such a case, after the sale, the taxpayer owns no debt which he can charge off, whereas, when the sale is the later event, there is no reason why the charge-off, if independent of the sale, should not be deductible. The fact that both transactions occur in the same year is irrelevant; the requirement of accounting for income tax purposes, on an annual basis is, we think, immaterial in this context.

 But the result is different if the taxpayer has arranged for the sale before he makes the charge-off; for then, in reality, he is charging off a debt he no longer owns. Obviously that was the case here, if the seeming sales were actual sales, since the charge-offs and the sales occurred the same day and, patently, pursuant to previous negotiations. We would, therefore, sustain the Tax Court, were there no more to this case.

However, taxpayer urges that the apparent sales were not in fact sales but compositions with the debtors which resulted in deductible charge-offs. It seems most likely that such was the nature of the Whipple transaction, as the letter written on behalf of Lawrence Whipple, brother of the debtor John Whipple, speaks of the "full and complete redemption of the notes of John Whipple." The Sprague transaction is perhaps somewhat less clear, since taxpayer's letter to Irving Sprague, the brother of the debtor, C. O. M. Sprague, shows that the debtor's notes were endorsed, without recourse, and delivered to the brother; but taxpayer's testimony concerning the earlier Sprague negotiations supports the composition contention.

As the taxpayer did not make this contention in the Tax Court, the Commissioner should have an opportunity, if he desires, to present evidence bearing on that argument. We therefore reverse and remand for a further hearing, at which, of course, taxpayer may also present further evidence in support of his contention.[2]

Reversed and remanded.

1. As in Levy v. Commissioner, 2 Cir., 131 F.2d 544.

2. See 26 U.S.C.A. § 1141(c); Hormel v. Helvering, 312 U.S. 552, 560, 61 S.Ct. 719, 85 L.Ed. 1037; cf. Ford Motor Co. v. National Labor Relations Board, 305 U.S. 364, 373, 59 S.Ct. 301, 83 L.Ed. 221; Estho v. Lear, 7 Pet. 130, 8 L. Ed. 632; Armstrong v. Lear, 8 Pet. 52, 74, 8 L.Ed. 863; United States v. Rio Grande Dam & Irrigation Co., 184 U. S. 416, 423, 424, 22 S.Ct. 428, 46 L.Ed. 619; Security Mortg. Co. v. Powers, 278 U.S. 149, 159, 49 S.Ct. 84, 73 L.Ed. 236;

Levesque v. F. H. McGraw & Co., 2 Cir., 165 F.2d 585, 587; Kreste v. United States, 2 Cir., 158 F.2d 575, 580; Nachman Spring-Filled Corp. v. Kay Mfg. Co., 2 Cir., 139 F.2d 781, 787; Zalkind v. Scheinman, 2 Cir., 139 F.2d 895, 904; Phelan v. Middle States Oil Corp., 2 Cir., 154 F.2d 978, 1000; Benz v. Celeste Fur Dyeing & Dressing Corp., 2 Cir., 136 F.2d 845, 848; Wyant v. Caldwell, 4 Cir., 67 F.2d 374; Columbus Gas & Fuel Co. v. City of Columbus, 6 Cir., 55 F.2d 56, 58; Pfeil v. Jamison, 3 Cir., 245 F. 119.