## AMERICAN RANGE LINES, Inc. v. COMMISSIONER OF INTERNAL REVENUE.

No. 63, Docket 22369.

United States Court of Appeals Second Circuit.

Argued Nov. 6, 1952.

Decided Dec. 3, 1952.

Nelson, Healy, Baillie & Burke, New York City, and Conlen, LaBrum & Beechwood, Philadelphia, Pa. (George E. Beechwood, Lewis Weinstock, Philadelphia, Pa., and Allan A. Baillie, New York City, of counsel), for petitioner.

7. Terminal R. Ass'n of St. Louis v. Fitzjohn, 8 Cir., 1948, 165 F.2d 473, 1 A.L. R.2d 290; Stevenson v. Lake Terminal R. Co., 6 Cir., 1930, 42 F.2d 357.

Charles S. Lyon, Ellis N. Slack, A. F. Prescott, and Fred E. Youngman, Washington, D. C., for respondent.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

When taxpayer's sole stockholder, Mrs. Rogers, litigated the question of her taxes arising from this very transaction, the Third Circuit (reversing the Tax Court) held that the entire consideration paid by Liberty (*i. e.*, American Liberty Steamship Corporation) was paid to Mrs. Rogers for her consent—evidenced by the November 27, 1944 contract—to terminate the so-called "joint venture" which had been operating under the August 1943 contract. See Rogers v. Commissioner of Internal Revenue, 3 Cir., 180 F.2d 720. We respectfully disagree with that conclusion. For we agree with the Tax Court that the taxpayer transferred to Liberty assets of considerable value, especially the General Agency which taxpayer had acquired by its agreement with the War Shipping Administration. W. S. A. had given its consent to the transfer to Liberty; the fact that W. S. A. could terminate the General Agency did not render it valueless, for obviously the parties considered it as practically an important privilege despite that revocability.

We also agree with the Tax Court that the decision in the earlier suit does not here constitute *res judicata* or estoppel by verdict inasmuch as the parties to the two suits are not the same.[1] As Mrs. Rogers availed herself of the corporate form for substantial business purposes, neither the taxpayer corporation nor Mrs. Rogers may insist, in tax litigation such as this, that the corporation should be disregarded to the end that the parties to the suits be deemed identical.[2] We regard as inapposite cases holding that in some circumstances a stockholder may be bound by a prior adjudication in a suit brought by his corporation: The proposition that the corporation's acts may bind the stockholder for such purposes does not support the converse proposition. Accordingly, we agree that whatever represented the consideration for the taxpayer's assets must be treated as if it had been paid to taxpayer and then by it paid to Mrs. Rogers.[3]

However, the August 1943 agreement does indicate that some part of the consideration went for Mrs. Rogers' consent. Consequently, we remand so that taxpayer may offer evidence showing what part of the consideration should be thus allocated.[4]

Modified and remanded.

1. See, e. g., Viles v. Prudential Ins. Co. of America, 10 Cir., 124 F.2d 78, 81, certiorari denied 315 U.S. 816, 62 S.Ct. 906, 86 L.Ed. 1214, rehearing denied, 316 U.S. 708, 66 S.Ct. 1032, 86 L.Ed. 1775; Moore v. United States, 9 Cir., 157 F.2d 760, 764, certiorari denied 330 U.S. 827, 67 S.Ct. 867, 91 L.Ed. 1277.

2. See, e. g., Moline Properties v. Commissioner, 319 U.S. 436, 63 S.Ct. 1132, 87 L.Ed. 1499; United States v. Morris & Essex R. Co., 2 Cir., 135 F.2d 711, 712–713.

3. United States v. Joliet & Chicago R. Co., 315 U.S. 44, 48–49, 62 S.Ct. 442, 86 L.Ed. 658; Commissioner v. Transport Trad. & Term. Corp., 2 Cir., 176 F.2d 570; 58th St. Plaza Theatre v. Commissioner, 2 Cir., 195 F.2d 724; cf. Koein v. United States, 2 Cir., 187 F.2d 707.

4. See, e. g., Cohan v. Commissioner, 2 Cir., 39 F.2d 540, 543; Underwood v. Commissioner, 4 Cir., 56 F.2d 67, 73. Cf. also the doctrine, applied in the following cases, allowing a remand in the "interest of justice" in order to obtain information which the record does not contain: Estho v. Lear, 1833, 7 Pet. 130, 32 U.S. 130, 8 L.Ed. 632; Ford Motor Co. v. Labor Board, 1939, 305 U.S. 364, 373, 59 S.Ct. 301, 83 L.Ed. 221; Porter v. Leventhal, 2 Cir., 160 F.2d 52, 59; Levesque v. F. H. McGraw & Co., 2 Cir., 165 F.2d 585, 587; Mitchell v. Commissioner, 2 Cir., 187 F.2d 706, 707.