. Shirley **LOUVIERE**, Appellant,

v.

**STANDARD DREDGING CORPO-RATION**, Appellee.

No. 16165.

United States Court of Appeals Fifth Circuit.

Dec. 14, 1956.

James P. Simpson, Texas City, Tex., Barker, Barker & Simpson, Galveston, Tex., for appellant.

Eugene J. Pitman, Houston, Tex., Albert J. De Lange, C. M. Hudspeth, De Lange, Hudspeth & Pitman, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

The judgment appealed from denied plaintiff's claim [1] for overtime compensation, liquidated damages, and attorneys' fees on the ground that he was, within the provisions of Subd. (14) of Sec. 13(a) of the Act, 29 U.S.C.A. § 213 (a) "an employee employed as a seaman".

The District Judge, in a memorandum opinion correctly finding the facts [2] and as correctly canvassing and appraising the authorities cited by plaintiff and defendant, concluded that: "The plaintiff

1. Under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

2. "During all of the time in question plaintiff was employed as deckhand aboard the tug Verna, a vessel some 35 feet in length, 5 gross tons capacity, and drawing 2½ feet of water. The crew consisted of a captain and the deckhand. There were two twelve-hour shifts, or a total complement of four persons. The Verna was an enrolled vessel, classified as a tug, and authorized to engage in the coasting trade. She had quarters for the crew and a galley.

"As deckhand aboard the Verna, plaintiff's duties consisted in handling the lines and making fast the vessel; in greasing, oiling and repairing her machinery; in scrubbing the deck, and performing other duties routinely performed by a crew member.

"The tug Verna, with two other tugs, two barges, and perhaps one or more additional auxiliary vessels, worked in connection with the dredging operations of the dredge Miami. While the Miami was dredging, the Verna was utilized to carry the crew of the Miami back and forth from land; to tow water and fuel barges for use of the Miami and her crew; to carry supplies and other essentials. In addition, the Verna was used to move the anchor, to place or alter the location of the spoils pipe line, etc. In moving from

is a deck hand on a tug boat performing the duties routinely and customarily prescribed for such employment. His duties require that he maintain and assist in the operation of the vessel. She is constantly in use upon navigable waters. This constitutes him a seaman; and he is no less a seaman because the vessel's power is used to tow a dredge and to service her, then if utilized to tow ocean-going vessels into harbor." So concluding, he denied the recovery sought.

Here, as he did below, plaintiff, citing many cases,[3] insists that, though, as he testified[4] without contradiction, he was employed as a deckhand on the tug Verna and not otherwise, he must, merely because the tug was the dredge Miami's tender, be held to be not a seaman and exempt, but a dredgeman and not exempt.

The appellee, citing Levesque v. F. H. McGraw & Co., 2 Cir., 165 F.2d 585, Gale v. Union Bag & Paper Corp., 5 Cir., 116 F.2d 27, and Martin v. McAllister Lighterage Line, Inc., 2 Cir., 205 F.2d 623, and distinguishing the cases relied upon by appellants, urges upon us that to deny the exemption here would not be construction but nullification of the statute fixing the exemption.

We agree. A reading of the cases relied on for the opposite view, especially the decision of Judge Sibley, in Walling v. W. D. Haden & Co., perhaps the best considered of all of the opinions holding that the exemption does not extend to dredgemen, leaves us in no doubt that they cannot be read in support of it. Indeed we think that to read them as in effect deciding upon the undisputed facts of this case that the plaintiff, a deckhand on a tug, was not a seaman, would be to refuse to extend the exemption to "one plainly and unmistakably within its terms and spirit". It would be too in direct contradiction of the spirit of the admonition in Phillips, Inc., v. Walling, 324 U.S. at page 492, 65 S.Ct. at page 808, so often appealed to by those who would use it as a one way street to limit but not to give its proper scope to the exemption, "to abuse the interpretative process and to frustrate the announced will of the people."

Giving the fullest effect to the Haden and Bay State dredging cases and other cases relied on, they decide no more than that persons working on dredges who are engaged in predominantly industrial work are not seamen within the exemption. The evidence, indeed plaintiff's own testimony, establishes without contradiction or dispute that he did not work on the dredge at all, that he was not predominantly engaged in industrial work, and that his sole employment was as a deckhand on the tug, and his work entirely of the kind that deckhands do.

The judgment was right, and it is affirmed.

---

one dredging location to another the Verna was used in towing the Miami or the barges used in conjunction with her.

"During the time in question the Miami did dredging operations in and around the channel at Texas City, Texas; the Houston Ship Channel; and the harbors at Mobile, Alabama, and at Pascagoula, Mississippi. The duties of the plaintiff at all times were aboard the Verna. He was not required to load and unload the tug or her tow; he was not directly engaged in any dredging operation; nor did his work require that he leave the Verna to work upon the spoils line."

3. Anderson v. Manhattan Lighterage Corp., 2 Cir., 148 F.2d 971; Bowie v. Gonzalez, 1 Cir., 117 F.2d 11; Cuascut v. Standard Dredging Corp., D.C.U.S.D.C.San Juan

Div.1950, 94 F.Supp. 197; Fleming v. Hawkeye Pearl Button Co., 8 Cir., 113 F.2d 52, 56; Phillips, Inc., v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095; Sternberg Dredging Co. v. Walling, 8 Cir., 158 F.2d 678; Walling v. Bay State Dredging & Contracting Co., 1 Cir., 149 F.2d 346; Walling v. W. D. Haden & Co., 5 Cir., 153 F.2d 196; Walling v. Great Lakes Dredge & Dock Co., 7 Cir., 149 F.2d 9; Interpretative Bull. dated Sept., 1947, issued by the U. S. Dept. of Labor, Wages & Hour Div., Sec. 7832, Sec. C.

4. "When I went to work on the tender Verna, that was my job, to work on the tender, that was the only job I was doing was on the tug Verna."