In re Robert J. HELDER, Debtor.

Robert J. HELDER, Plaintiff,

v.

STATE OF MICHIGAN, Defendant.

Bankruptcy No. NG 83–02256.
Adv. No. 83–1566.

United States Bankruptcy Court,
W.D. Michigan.

Sept. 19, 1984.

Lewis, Brown & Relph, P.C., John D. Flynn, Grand Rapids, Mich., for plaintiff.

Frank J. Kelley, Atty. Gen. of the State of Mich., George B. Adastik, Asst. Atty. Gen., Lansing, Mich., for defendant.

## OPINION

DAVID E. NIMS, Jr., Bankruptcy Judge.

### TAXES—LIABILITY—OFFICERS OF CORPORATION

Robert J. Helder (Helder), the debtor herein, has filed a complaint for an order determining that the single business tax is not a liability of his.

The facts are agreed to by counsel and this adversary proceeding was submitted on briefs. The State of Michigan, Department of Treasury, Revenue Division, filed a proof of claim which, *inter alia*, claimed for an unpaid business activity tax as follows:

| Assessment Date | Tax Period Covered | Tax Deficiency | Interest |
|---|---|---|---|
| 9/27/83 | 1/1/76–12/31/77 & 1/1/79–12/31/81 * | $4,773.00 | $1,794.83 |
| 9/27/83 | 1/1/82–12/31/82 * | 1,000.00 | 78.16 |
| 9/27/83 | 1/1/81–12/31/82 * | 2,000.00 | 246.33 |

* Asterisk next to tax period indicates that tax liability is computed or estimated. Actual returns have not been filed. Claim will be adjusted when actual returns are filed.

Helder commenced business in 1976 and operated as an individual proprietor under different assumed names until he incorporated his business under the name of Mill

Point Appliance, Inc., on March 21, 1980. The business continued to operate as a corporation with Helder as the sole stockholder and President until it went out of business on July 26, 1982, when the business was closed by a bank foreclosure of its assets.

The Single Business Tax Act, Act 228, 1975 p. 556, became effective January 1, 1976. This Act levied and imposed a specific tax of 2.35% upon the adjusted tax base of every person with business activity in the State of Michigan. Mich.Comp.Laws § 208.31 (Mich.Stat.Ann. § 7.558(31) (Callagahn 1978)). The term "person" is defined by the Act to include an individual and a corporation. Mich.Comp.Laws § 208.6(1) (Mich.Stat.Ann. § 7.558(6)).

▆▆▆ It is the claim of the State that Helder, being the sole stockholder is liable for the business activity tax incurred by the corporation. I cannot agree. One of the principal purposes of incorporating is to avoid personal liability arising out of business activities. The corporation and the sole stockholder are two distinct entities. *American Range Lines, Inc. v. Com'r. of Internal Revenue,* 200 F.2d 844, 845 (2d Cir.1952).

The State contends that Helder wrongfully misled the State by failing to inform it of the incorporating. It is true that an entity may proceed against an individual who has misrepresented the identity of the real debtor. But, here, as with most taxes, there was no extension of credit. The tax was for the privilege of doing business in the State. The identity of the taxpayer would be immaterial to the State. Neither is there any equitable basis for piercing the corporate veil.

It is true that for sales taxes, officers and stockholders may be liable for taxes where they failed to file returns or pay taxes on behalf of the corporations. Mich. Comp.Laws § 205.65 (Mich.Stat.Ann. § 7.536 (Callagahn 1978)). Recently, the State has amended the income tax act of 1967 so as to similarly impose personal liability on stockholders and officers for nonpayment of withheld taxes. Mich.

Comp.Laws § 206.351 (Mich.Stat.Ann. § 7.557 (1351) (Callagahn 1984 Cum.Supl.)). However, I am unable to find a similar provision that would apply to the single business tax act, *supra,* nor has counsel referred me to such a provision.

As the claims for the periods of 1/1/82—12/31/82 and 1/1/81—12/31/82 were for business activity of the corporation, this court finds that the claim of this period is a claim against the corporation only. As to the periods of 1/1/76—12/31/77 and 1/1/79—12/31/81 with a deficiency of $4,773.00 plus interest at $1,794.83, I would find that Helder is liable for that portion of the claim for the period prior to March 21, 1980, only. This debt would not be dischargeable to the extent covered by the provisions of 11 U.S.C. Section 523(a)(1). The statement of facts and the records before the court do not contain a breakdown as to what part of the tax accrued during the sole proprietor period. The parties will determine what portion of the said claim is owed by Helder. If they cannot agree, they will notify the court and a date will be set for the trial of this issue only.