Exposition Souvenir Corporation v. Commissioner.
Exposition Souvenir Corp. v. Commissioner
Docket No. 3828.
United States Tax Court
1945 Tax Ct. Memo LEXIS 127; 4 T.C.M. (CCH) 687; T.C.M. (RIA) 45230; June 29, 1945
*127 The New York World's Fair of 1939 was financed by the sale of interest bearing debentures which were payable out of gate receipts. Concessions were awarded to those who agreed to take the greatest amount of debentures. Petitioner, a New York corporation, acquired $130,000 worth of debentures as a condition precedent to obtaining its concessions at the Fair. Petitioner operated the concessions through two seasons and when the Fair was finally closed, disposed of the debentures at a loss of $92,399.69. At all times petitioner treated them as investments but in its income tax return for 1941 claimed the loss as a rental expense. Held, inasmuch as the debentures were not acquired for the purpose of resale but only as a condition precedent to obtaining its concessions the debentures were not excluded from the definition of capital assets contained in section 117 of the Internal Revenue Code. Any loss on their sale is not deductible for the purposes of computing income for excess profits tax credit. Section 711 (a) (2) (D) of the Internal Revenue Code. Eugene F. Roth, Esq., for the petitioner. Bernard J. Long, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: In this proceeding the respondent determined deficiencies in income and excess profits taxes and an overassessment in income tax as follows: Excess
Fiscal Year
Income
Profits
Over-
Ending
Tax
Tax
assessment
May 31, 1940
$2,125.42
May 31, 1941
$27,680.03
$305.48
Petitioner concedes the correctness of the income tax adjustments. The remaining issue concerns petitioner's liability for excess profits tax in the amount indicated for the year ending May 31, 1941. The tax returns for the years in question were filed with the collector of internal revenue for the first district of New York. Findings of Fact Petitioner, a New York corporation with its offices in New York City, was organized to secure *129 and operate concessions for the sale of souvenirs and novelties at the New York World's Fair to be held in 1939. The Fair was financed by the sale of four percent interest debentures payable out of gate receipts. These debentures were issued by the New York World's Fair 1939, Inc., a New York corporation, organized not for profit to conduct the Fair. The debentures were due January 1, 1941. Bidders for concessions at the Fair were required to agree to purchase these debentures and other things being equal contracts were awarded to the bidder who agreed to buy the greatest amount. The Fair was open from May 1939 to October 1939, and reopened in May 1940. It was finally closed in October 1940. Some $26,000,000 worth of debentures were sold to concessionaires and to business firms in the New York area. Petitioner purchased $130,000 worth of these debentures in order to secure the desired concessions. It held them until the Fair was definitely closed in October 1940. Petitioner would have been unable to obtain the concessions either originally or renew them if the debentures had not been purchased or if they had been sold prior to the reopening of the Fair in May 1940. Petitioner operated *130 these concessions profitably during the years 1939 and 1940 while the Fair was in progress. The debentures purchased were treated as investments on petitioner's books and petitioner reported the interest thereon as income. During the years 1939 and 1940 petitioner received payments totaling $30,027.40 on account of principal, which sum was treated as a reduction of the principal amount and shown as such on petitioner's books and tax returns. In April 1941 petitioner sold these debentures for $7,572.91 and sustained a net loss on the transaction of $92,399.69. Petitioner deducted this amount on its tax returns for the fiscal year ending May 31, 1941, as rent. The Commissioner determined that petitioner sustained a long-term capital loss and revised its income for excess profits tax purposes by eliminating this amount. The New York World's Fair 1931, Inc. debentures owned by petitioner were capital assets acquired to enable it to obtain concessions at the Fair. They were not held for sale to customers in the ordinary course of business and their purchase was a capital expenditure. Opinion The question for decision is whether petitioner's loss on the debentures is a long-term *131 capital loss as determined by respondent or a business expense. Originally petitioner claimed it as in the nature of a rental expense incurred in obtaining the concessions. In its petition petitioner claimed that the loss was an ordinary business expense and deductible as such. In petitioner's brief it is stated that "The debentures were not 'capital assets' in the hands of the petitioner but were acquired solely as an expense of carrying on the petitioner's business * * *." The definition of capital assets contained in section 117 [1] of the Internal Revenue Code is broad and all inclusive. The exclusions are few and limited. Petitioner's claim that these debentures are exceptions is apparently based on the qualifying phrase "property held primarily for sale to customers in the ordinary course of his trade or business." In our opinion the evidence is insufficient to overcome the presumption of correctness of the respondent's determination that the debentures were capital assets and that the loss on the sale thereof was to be excluded in computing petitioner's income for purposes of excess profits tax credit. Section 711 (a) (2) (D) of the Internal Revenue Code *132 . It is clear that petitioner acquired the debentures only for the purpose of obtaining the desired concessions at the World's Fair. The only reasonable inference is that petitioner hoped to make sufficient profits in its operations at the Fair to offset any loss incurred by reason of its purchase of the debentures. We think the evidence further shows that no loss was anticipated in view of the successful operation of the Century of Progress at Chicago. Petitioner bought the debentures as a condition precedent to obtaining its concessions. It treated them as investments and reported the interest payments as income. Payments on account of principal were used to reduce their value on petitioner's books. Petitioner bought and held them as a part and parcel of its investments in the same manner as fixtures or other equipment which were used to carry on its business activities at the Fair Grounds. It is clear that petitioner never intended to sell these debentures to customers in the ordinary sense. The cases cited in petitioner's brief, Hercules Motor Corp., 40 B.T.A. 999; Joe B. Fortson, et al., 47 B.T.A. 158, and Gilbert v. Commissioner, 56 Fed. (2d) 361, *133 are distinguishable. The trade acceptances in the Hercules Motor case, the bonds in the Fortson case and the preferred stock in the Gilbert case were accepted in lieu of cash and in payment for services or materials. In each instance it was found that these properties were received in lieu of cash and only for the purpose of resale. Here the debentures were not acquired for resale and we have found that they were not held for sale in the regular course of petitioner's business. In Thompson Lumber Co., 43 B.T.A. 726, the Board of Tax Appeals found that the taxpayer had failed to show that it was in the business of selling improved real estate accepted in payment for lumber and building materials advanced. Likewise, petitioner has failed to show that it was in the business of selling debentures or that the debentures were held for sale to customers. *134 What we have said must also dispose of petitioner's contention that the purchase of the debentures and the resulting loss were deductible as a business expense. It is obvious that they were a capital expenditure and not within the purview of section 23 (a) of the Internal Revenue Code. We hold that these debentures were capital assets and that the Commissioner's determination must stand. Decision will be entered for respondent. Footnotes
1. SEC. 117. CAPITAL GAINS AND LOSSES. (a) Definitions. - As used in this chapter - (1) Capital assets. - The term "capital assets" means property held by the taxpayer (whether or not connected with his trade or business) but does not include * * * property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business, * * *↩