## GRAHAM MILL & ELEVATOR CO. v. THOMAS, Collector of Internal Revenue.

### No. 11406.

Circuit Court of Appeals, Fifth Circuit.

Dec. 19, 1945.

R. B. Cannon, of Fort Worth, Tex., for appellant.

Homer R. Miller and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and A. W. Christian, Asst. U. S. Atty., of Dallas, Tex., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant's claim for refund of an additional income tax exacted for the calendar year 1942 was not granted; suit was brought in the district court against the Collector; on the admissions in the pleadings and uncontradicted testimony of witnesses, the judge found the facts and law against appellant, and denied recovery. This appeal followed.

Appellant, a corporation, was a manufacturer of flour, meal and feed stuffs for cattle and poultry. Before Jan. 1, 1942, and until Oct. 1, 1942, it sold part of its products through four branch establishments in Quanah, San Angelo, Abilene, and Dublin, Tex.; each establishment being in charge of a salaried manager, and in each heavy groceries such as sugar and canned goods maufactured by others were also sold. About Oct. 1, 1942, appellant having decided to close out these branch establishments, each manager created a corporation to buy the business he had con-

ducted, neither the appellant nor its principal stockholders having any stock in the new corporations. Each new corporation bought out one of the branch businesses, taking the goods on hand at inventory price, and the notes and accounts receivable at an appraised value, below face value in each instance; the total discount being $20,644.93.

Appellant as an income taxpayer was on the accrual basis, and had accrued its sales of goods as they were made, as income. In the tax return for 1942 the loss of $20,644.93 in the sale of its notes and accounts as above stated was deducted as a business loss under Internal Revenue Code, § 23(f), 26 U.S.C.A. Int.Rev.Code, § 23(f). The Commissioner of Internal Revenue held that it was a loss from the sale of capital assets as defined in section 117(a) (1), and since no capital gains were reported he disallowed the deduction and assessed the tax in dispute. Appellant contends as an alternative ground for recovery that it overstated its income in that the accounts sold represented sales of merchandise during the tax year, and many of the notes did too, and since they proved during that year to be worth less than face value, the sales of merchandise did not really yield the income reported.

■■ Dealing first with this alternative contention, we reject it. Had the taxpayer elected to go on the basis of actual receipts and disbursements, income arising from merchandise sales on credit would not be taxable till received through collections of the price; but on the accrual basis the income accrues so soon as the buyer becomes unconditionally bound to pay, and the amount to be accrued is what he promises to pay in money, unless perhaps in some extraordinary situation his obligation is known at the time not to be worth its face.[1] A consequence of adopting the accrual basis is that what is actually collected from sales during the tax year is immaterial. A failure to realize on the unpaid notes and accounts is ordinarily to be taken advantage of if and when any of them become in whole or in part bad debts and are charged off as such under Section 23(k) (1). This course could not be followed in the present case, because before ascertaining any of the notes and accounts to be worthless and charging them off they were sold. Levy v. Commissioner, 2 Cir., 131 F.2d 544.

■ The selling out of the notes and accounts along with the business of each of the four branch establishments we think prevents treating the resulting loss thus realized from being an ordinary business loss under Section 23(f). The evidence is without conflict that appellant was not in the business of selling notes and accounts, and had never so dealt with its notes and accounts before. It did not have to sell them, but chose thus to get rid of them all in disposing of each branch business. The sale not being in the course of business to customers, but a part of the ending of a business, the commissioner and the District Court thought the transaction a sale of capital assets under Section 23(g) (1) and 117 (a) (1): "The term 'capital assets' means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer * * * or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business. * * *" It is quite clear that the notes and accounts were property held by the taxpayer, and were not stock in trade or property held primarily for sale to customers in the ordinary course of business. They were held to be collected. When overdue they drew interest and were to that extent an investment. That they arose out of taxpayer's business and were thereby connected with it, by the quoted words of the definition makes no difference. Though most of them had not been "held" beyond the tax year in which they originated, does not matter. They represented the taxpayer's business capital, but were not a part of his stock in trade. When the determination was reached to sell them in the way they were sold, they were severed from all further connection with appellant's business. When the sale was effected, the court did not err in finding capital assets were sold.

Judgment affirmed.

---

[1] Hercules Motor Corporation v. Commissioner, 40 B.T.A. 999, seems to have been such a case, though put on another ground.