MAX TORODOR AND SARAH TORODOR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROGERS UTILITIES, INC., A DISSOLVED CORPORATION, c/o MAX TORODOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32109, 32110. Promulgated December 24, 1952.

*James W. Mack, Esq.*, for the petitioners.
*Charles H. Chase, Esq.*, for the respondent.

532

■■■■■■■■■■

## OPINION.

BLACK, *Judge:* There is but one issue in this proceeding and that is whether the deficiency of $6,114.69 which respondent has determined against Rogers is correct. If it is correct, then petitioners Max Torodor and Sarah Torodor concede they are liable as transferees for the deficiency.

Petitioners contend that the deficiency is wrong because it is based upon a determination by respondent that a loss, which it is conceded Rogers incurred in its fiscal year ended August 31, 1947, in the amount of $32,672.34, was a capital loss and deductible only to the extent provided in section 117 (d) (1). Petitioner contends that this determination was error. Petitioner contends that the deduction in question should be as a business expense under section 23 (a) (1) (A) of the Code and that if it is not an allowable deduction under that provision of the statute, then it should be allowed as an ordinary business loss under section 23 (f) of the Code.

Respondent on his part contends that petitioner sold to Peerless accounts receivable which had a face value of $81,680.85 for $49,008.51, thus incurring a loss of $32,672.34 and that this loss was deductible as a capital loss under the provisions of section 117 of the Code. The provisions of section 117 of the Code upon which respondent relies are printed in the margin.[1] We think respondent's determination must be sustained.

It seems to us that section 23 (a) (1) (A) of the Code which is the familiar section which provides for the deduction of ordinary and necessary expenses of a business is not applicable. Petitioners advance the novel theory that because it would have cost Rogers at least 25 per cent of the face value of these accounts to collect them and would cost Peerless at least that much, or more, to collect them, that petitioner Rogers is entitled to deduct the $32,672.34 discount at which

---

[1] SEC. 117. CAPITAL GAINS AND LOSSES.

(a) DEFINITIONS.—As used in this chapter—

(1) CAPITAL ASSETS.—The term "capital assets" means property held by the taxpayer (whether or not connected with his trade or business), but does not include—

(A) stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business;

(B) property, used in his trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (1), or real property used in his trade or business;

\* \* \* \* \* \* \*

(d) LIMITATION ON CAPITAL LOSSES.—

(1) CORPORATIONS.—In the case of a corporation, losses from sales or exchanges of capital assets shall be allowed only to the extent of gains from such sales or exchanges.

it sold these accounts to Peerless as an ordinary and necessary business expense. We are unable to agree to the soundness of this theory and it is not sustained. It is clear from a reading of the facts which have been stipulated that Rogers sold to Peerless installment accounts which had a face value of $81,680.85 for a price which caused Rogers to incur a loss of $32,672.34.

As has already been stated, petitioner contends in the alternative that this loss is deductible in full under 23 (f). Section 23 (f) of the Code reads:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\*      \*      \*      \*      \*      \*      \*

(f) LOSSES BY CORPORATIONS.—In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise.

If that were all, there would seem to be no question but that petitioners are right in claiming a deduction for the full amount of $32,672.34. But it is not all. Section 23 (g) which immediately follows 23 (f) in the Code reads:

(g) CAPITAL LOSSES.—

(1) LIMITATION.—Losses from sales or exchanges of capital assets shall be allowed only to the extent provided in section 117.

So the real question which we have here to decide is whether the approximately 2,700 accounts which Rogers sold Peerless on August 1, 1947, were capital assets. If they were, then respondent's determination must be sustained.

Respondent relies on *Graham Mill & Elevator Co.* v. *Thomas*, 152 F. 2d 564, in support of his determination. We think that case does support respondent. It held that where a manufacturer operating on an accrual basis sold part of its products through four branch establishments in charge of salaried managers and each manager created a corporation which purchased the business and the manufacturer took notes and accounts receivable at appraised values below face value, since the sale was not in the course of business to customers but was a part of ending a business, transaction was a sale of "capital assets" and hence the loss was not deductible by the manufacturer as a "business loss."

Petitioner argues that the *Graham Mill & Elevator Co.* case, *supra*, is not controlling here because in that case the discount at which the sale of notes and accounts was made was to take care of any of them which turned out to be bad debts, whereas the 40 per cent discount at which Rogers sold the 2,700 accounts to Peerless was not because the accounts were bad, but because it would be an expensive matter for Peerless to collect them. We are unable to see where this difference, assuming that it does exist, makes any distinction in principle. The fact still remains that Rogers sold these accounts to Peerless and under

the rationale of the *Graham Mill & Elevator Co.* case the sale was of "capital assets" and the resulting loss of $32,672.34 cannot be taken as an ordinary business loss but must be taken as a capital loss limited by the provisions of section 117 (d) (1). As said by the Fifth Circuit in the *Graham Mill & Elevator Co.* case:

* * * They represented the taxpayer's business capital, but were not a part of his stock in trade. When the determination was reached to sell them in the way they were sold, they were severed from all further connection with appellant's business. When the sale was effected, the court did not err in finding capital assets were sold.

It is doubtless true that the Commissioner's determination that petitioner's loss from the sale of the accounts in question cannot be allowed as an ordinary business loss under section 23 (f) but must be allowed as a capital loss, limited by section 117 (d) (1), works a hardship on petitioner Rogers, a small corporation which dealt in household appliances sold on installment basis, but deductions are matters for the Congress to determine. It was Congress which wrote the limitations on losses in section 117 (d) of the Code applicable to the sale of capital assets. Neither the Commissioner nor the courts have the authority to change those provisions. Congress must make any such changes by appropriate legislation.

*Decisions will be entered for the respondent.*