Max **FINKEL** et al., Petitioners,

v.

**COMMISSIONER OF INTERNAL REV-ENUE**, Respondent.

No. 5863.

United States Court of Appeals First Circuit.

Heard Nov. 6, 1961.

Decided Nov. 21, 1961.

James T. Waldron, Fall River, Mass., with whom John T. Farrell, Jr., and Clarkin & Waldron, Fall River, Mass., were on brief, for petitioners.

Michael K. Cavanaugh, Atty., Dept. of Justice, with whom John B. Jones, Jr., Acting Asst. Atty. Gen., and Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., were on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

Taxpayer, who has been in the fish business for many years, was a stockholder in a fish meal corporation, New Bedford Fish Products Corporation, hereinafter Products, and in a fish trucking concern, Meso, Inc. Fish meal processing is a potential nuisance, and Products held the required municipal license. In 1952 its plant was temporarily shut down because business became unprofitable. In 1956 it was sold. Because the license was not transferable, the purchaser could not simply buy the assets, but required the stock. Prior to the sale, taxpayer had loaned $42,874 to Products and $12,216 to Meso, and other stockholders had made similar loans. Products was substantially indebted to Meso. The purchaser demanded that Products be free from debt after transfer, except to the extent that indebtedness might be represented by notes, in which event the notes were to be transferred to her without recourse. In response, Meso, whose stockholders and creditors were the same as Products', cancelled its indebtedness. This obligation had been Meso's sole asset. Products issued notes to its remaining creditors, including taxpayer, which were thereupon endorsed over to the purchaser. In return, the purchaser tendered cash and notes totalling $75,000, of which taxpayer received $21,562.

Taxpayer charged off his Products and Meso stock in his 1956 return as long-term capital losses. No question arises as to this. Next, he sought to deduct the debt owed him by Meso as a business bad debt becoming worthless during the taxable year. The government claims that it was not a business debt. This involves considerations that we need not go into. But the purchaser paid enough for Products so that a partial payment could have been made on its indebtedness to Meso. Accordingly, Meso's total relinquishment of the indebtedness was a voluntary capital contribution by persons, including taxpayer, who were at once its stockholders, its creditors, and stockholder-creditors of Products. It was, in fact, so entered on Products' books. In effect taxpayer got more out of Products and less, i. e., nothing, out of Meso, but this was the result of his own action and did not entitle him to claim, vis-a-vis the government, that the debt owed him by Meso was worthless. Raffold Process Corp. v. Commissioner, 1 Cir., 1946, 153 F.2d 168; Liggett's Estate v. Commissioner, 10 Cir., 1954, 216 F.2d 548; Bratton v. Commissoner, 6 Cir., 1954, 217 F.2d 486. We are not concerned with what might have been the situation had Meso received a pro rata dividend on its indebtedness as an ordinary creditor of Products.

Similarly, taxpayer cannot assert what might have happened had he not sold the notes he received from Products against his indebtedness. Obviously, he cannot— and does not—say that he was paid for the stock and not for the notes. All he can claim is a loss. Levy v. Commissioner, 2 Cir., 1942, 131 F.2d 544, cert. den. Levy v. Helvering, 318 U.S. 780, 63 S.Ct. 858, 87 L.Ed. 1148; Graham Mill & Elevator Co. v. Thomas, 5 Cir., 1945, 152 F.2d 564; Von Hoffman Corp. v. Commis-

sioner, 8 Cir., 1958, 253 F.2d 828; cf. Mitchell v. Commissioner, 2 Cir., 1951, 187 F.2d 706. This he has been allowed.

Judgment will be entered affirming the decision of the Tax Court.