## CITY STORES COMPANY
### v.
## UNITED STATES of America,
### Civ. A. No. 28645.

United States District Court
E. D. Pennsylvania.
Jan. 21, 1964.

Milton A. Kamsler, and Alvin J. Ivers, of Folz, Bard, Kamsler, Goodis & Greenfield, Philadelphia, Pa., for plaintiff.

Solomon Fisher, David A. Wilson, and Edward S. Smith, Dept. of Justice, Washington, D. C., for defendant.

VAN DUSEN, District Judge.

▇ In this case, plaintiff seeks a refund of taxes paid for the year ended January 31, 1944. In that year, Lit Brothers (a department store now owned by plaintiff) sold[1] certain instalment accounts receivable from retail customers which had arisen in the regular course of business. The full face value of the accounts had been included in gross sales. This sale was consummated as a step in Lit Brothers' change-over from the accrual to the instalment method of accounting[2] and was the only time Lit Brothers ever made such a sale (Document 7, par. 18).[3] The accounts were sold to Camden Trust Company for $115,-204.02 less than face value. Plaintiff contends it is entitled to a deduction of that amount from ordinary income and moves the court to enter summary judgment in its favor. The Government takes the position that the transaction gave rise

---

1. See City Stores Company v. Smith, 154 F.Supp. 348 (E.D.Pa.1957).

2. See Int.Rev.Code of 1939, § 44.

3. Cf. Joe B. Fortson, 47 B.T.A. 158 (1942), and Hercules Motors Corporation, 40 B.T.A. 999 (1939), which involved a history of such sales and, therefore, are distinguishable from the instant case. See, also, Commissioner of Internal Revenue v. Bagley & Sewall Co., 221 F.2d 944 (2nd Cir. 1955).

to a capital loss only and, accordingly, moves for partial summary judgment in its favor.[4]

The Government's analysis is accepted. This was a sale other than in the regular course of business and the asset involved, although acquired in the regular course of business, was not one held as stock in trade or subject to depreciation. Under the controlling statute,[5] the events involved constitute a capital transaction. It is to be noted that in 1954 Congress reported[6] that this is what it understood the law to be under the Internal Revenue Code of 1939. For the reasons which will appear below, the court agrees with that report insofar as here pertinent.[7] Counsel have very thoroughly briefed the questions involved in deciding what effect the court should give to a Congressional committee's interpretation of a prior enactment, but no holding on the point is necessary.

Corn Products Refining Co. v. Commissioner, 350 U.S. 46, 76 S.Ct. 20, 100 L.Ed. 29 (1955), relied on by plaintiff, is not controlling on this record. There the Supreme Court, per Mr. Justice Clark, said 350 U.S. at page 52, 76 S.Ct. at page 24, 100 L.Ed. 29:

" * * * the capital-asset provision of § 117 must not be so broadly applied as to defeat rather than further the purpose of Congress. Burnet v. Harmel, 287 U.S. 103, 108 [53 S.Ct. 74, 76, 77 L.Ed. 199]. Congress intended that profits and losses arising from the everyday operation of a business be considered as ordinary income or loss rather than capital gain or loss. The preferential treatment provided by § 117 applies to transactions in property which are not the normal source of business income. It was intended 'to relieve the taxpayer from * * * excessive tax burdens on gains resulting from a conversion of capital investments, and to remove the deterrent effect of those burdens on such conversions.' Burnet v. Harmel, 287 U. S., at 106, [53 S.Ct. at 75]. Since this section is an exception from the normal tax requirements of the Internal Revenue Code, the definition of a capital asset must be narrowly applied and its exclusion interpreted broadly.[8] This is necessary to effectuate the basic congressional purpose. This Court has always construed narrowly the term 'capital assets' in § 117. See Hort v. Commissioner, 313 U.S. 28, 31 [61 S.Ct. 757, 758, 85 L.Ed. 1168]; Kieselbach

---

4. Before the Government's Motion (Document 16) was filed, plaintiff amended (Document 12) its Complaint to state an alternative ground for relief. The Government's Motion is, therefore, in effect a motion for partial summary judgment as to the grounds for relief stated in the original Complaint (Document 1), namely, that plaintiff is entitled to an ordinary loss as the result of its sale of the accounts receivable, and will be so treated here. See Document 16.

5. Int.Rev.Code of 1939, §§ 23 and 117. Both sides assume § 44(d) is not applicable here on the basis that that section applies only to a taxpayer on the instalment method of accounting. This is not made explicit in § 44(d), but its mechanics appear to require that reading. Congress' reference to "income which would be returnable were the obligation satisfied in full" makes no sense in reference to a taxpayer who has already realized the full amount of the receivable as income on the accrual method.

6. U.S.Code Cong. & Adm.News 4017, 4108–4109, 4744 (1954).

7. See, also, Note entitled "Accounts Receivable" at p. 726, Surrey & Warren, Federal Income Taxation (1960).

8. The part of this sentence preceding the comma indicates that the term "capital asset" is to be construed narrowly because that construction favors the Government; this affords no guidance in a case where such a construction favors the taxpayer. "And this exception has always been narrowly construed so as to protect the revenue against artful devices." Commissioner of Internal Revenue v. P. G. Lake, Inc., 356 U.S. 260, 265, 78 S.Ct. 691, 694, 2 L.Ed.2d 743 (1958), citing Corn Products Co. v. Commissioner, supra.

v. Commissioner, 317 U.S. 399, 403 [63 S.Ct. 303, 305, 87 L.Ed. 358]."

■ The Corn Products Co. decision does not lay down a rule of law that capital gains and losses are realized only from transactions involving "investments" nor does it undertake to define "investments." It held that certain transactions involved in the case before the court were an integral part of the taxpayer's business and that, therefore, gains realized from them were ordinary income, not capital gains. If this is amplified and stated as a general rule, the point of the case appears to be that the courts are to look not merely to the subject matter of a transaction but also to its purpose in the context of the taxpayer's course of business. It is clear that what in one context is a capital asset may in another situation produce ordinary income or loss. It is not controlling that the Camden Trust Company, to whom Lit Brothers sold its receivables, realized ordinary income as a result of the $115,000. discount. Analogous is the situation in which A, a housewife, invests in an Oriental carpet and later sells it to B, a dealer in such carpets. In A's hands the carpet can be a capital asset and in B's hands, stock in trade; the profit or loss sustained by each is accorded different treatment.

■ Regardless of what the 1954 Congress thought § 117 of the 1939 Code meant, clearly the concept of "property" was broader under the 1939 Code than it is under the 1954 Code.[9] The courts have, quite correctly, followed the Corn Products Co. case, supra, in holding that proceeds from the sale of items needed to assure a supply of materials which taxpayers made a physical part of their products as passed on to customers were to be treated as ordinary income. Mansfield Journal Co. v. Commissioner, 274 F.2d 284 (6th Cir. 1960); Hallcraft Homes, Inc., 40 T.C. 199 (April 30, 1963). See, also, Booth Newspapers, Inc. v. United States, 303 F.2d 916 (Ct.Cl.1962). These items were closely related to inventory. In the instant case, the asset involved is not of such a nature, nor is it of a kind subject to allowance for depreciation. See § 117(a) (1), Int.Rev. Code of 1939. Simply because the income produced by sale of an inventory item is ordinary income, the asset received by the seller is not forever barred from being a capital asset. Once ordinary income is realized, it cannot be reduced save by allowable deductions. Here taxpayer was on the accrual basis and had already recognized as income the face value of the accounts (Document 7, par. 12).[10] That having occurred, the accounts receivable were "property" within the meaning of § 117 and loss on sale of the accounts produced no allowable deduction from ordinary income. Wachovia Bank & Trust Company v. United States, 288 F.2d 750, 758 (4th Cir. 1961); Von Hoffman Corp. v. Commissioner, 253 F.2d 828 (8th Cir. 1958); Benedum v. Granger, 180 F.2d 564 (3rd Cir. 1950); Graham Mill & Elevator Co. v. Thomas, 152 F.2d 564 (5th Cir. 1945); Torodor v. Commissioner, 19 T.C. 530 (1952). See, also, Jacob Bros. Co. v. Commissioner, 50 F.2d 394 (2nd Cir. 1931), holding, with regard to excess profits tax, that the unpaid balance of an instalment receivable already realized under the accrual method as income is capital. Cf. John M. Brant Co. v. United States, 40 F.2d 126 (Ct.Cl. 1930).

In view of the alternative contention at pages 4–5 of plaintiff's Pre-Trial Mem-

9. Section 1221, Int.Rev.Code of 1954, provides: "For purposes of this subtitle, the term 'capital asset' * * * does not include— * * * (4) accounts or notes receivable acquired in the ordinary course of trade or business * * * from the sale of [stock in trade] * * *."

10. This case differs from those cases where taxpayers have anticipated income and sought capital gains treatment: Commissioner of Internal Revenue v. Phillips, 275 F.2d 33 (4th Cir. 1960); Commissioner v. P. G. Lake, Inc., supra. Nor is the instant case like Merchants Nat. Bank v. Commissioner, 199 F.2d 657 (5th Cir. 1952), where taxpayer collected on notes which had previously been deducted from ordinary income as bad debts.

orandum (Section A(2)), the case will continue for disposition of this alternative contention. See footnote at page 3 of defendant's Brief (Document 19).

## ORDER

And now, January 21, 1964, upon consideration of the above Motions, Briefs and Memoranda of Law (Documents 18, 19, 20 and 21), oral argument, and the record, it is ordered that plaintiff's motion for summary judgment (Document 15) is denied and defendant's motion for partial summary judgment (Document 16) is granted.